UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MAHMOUD HENDI and ESI SECURITY SERVICES, INC., | Case No. 3:17-cv-00633-LRH-VPC |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| STATE OF NEVADA ON RELATION OF THE PRIVATE INVESTIGATORS LICENSING BOARD, KEVIN INGRAM, LORI IRIZARRY, JASON WOODRUFF, | |
| Defendants. | |

Defendants State of Nevada on relation of the Private Investigators Licensing Board ("Board"), Kevin Ingram, Lori Irizarry, and Jason Woodruff move to dismiss plaintiffs Mahmoud Hendi and ESI Security, Inc.'s complaint. ECF No. 4. The plaintiffs opposed the motion, and the defendants filed a reply. ECF Nos. 8, 12. The court now grants the motion to dismiss, finding the complaint fails to meaningfully distinguish between the multiple defendants in regards to the five claims for relief and the multiple plaintiffs in regards to the alleged damages.

**I.      BACKGROUND**

Hendi owns ESI Security, which provides private security services for businesses, individuals, and special events. ECF. No. 1, Ex. 2. Because ESI Security offers services including private patrol officers, it is regulated by the Board. *Id.* Ingram serves as the Board's

1

executive director, and Irizarry serves as the Board's deputy executive director. *Id.* Woodruff works as an investigator for the Board. *Id.*

Hendi and ESI Security sues the Board, Ingram, Irizarry, and Woodruff, alleging five causes of actions: (1) intentional interference with contractual relations, (2) interference with prospective business advantage, (3) violation of 42 U.S.C. § 1983 based on the Privileges and Immunities Clause of the Fourteenth Amendment, (4) injunctive relief, and (5) defamation per se. *Id.*

The claims stem from occurrences related to an administrative proceeding held by the Board. *See id.* ESI Security accrued several notices of violations from the Board, prompting it to enter into a settlement agreement to resolve the notices. *Id.* Under the settlement agreement, ESI Security agreed to pay certain fines and attorney fees according to a schedule outlined in the agreement. *Id.* It also agreed to an eighteen-month probationary period, during which ESI Security agreed to surrender its license if it were found guilty upon any new notices of violations by way of a hearing in front of the Board. *Id.*

A few months later, ESI Security received a new notice of violations because its sister company failed to register an employee with the Board. *Id.* ESI Security sought a hearing before the Board. *Id.* A complaint was then served on ESI Security, alleging that ESI Security failed to make timely payments under the settlement agreement and requesting that ESI Security's license be revoked. *Id.*

Sometime thereafter, the defendants allegedly contacted ESI Security's existing and prospective customers. *Id.* The defendants allegedly communicated to the customers that ESI Security: (1) was going to lose its license; (2) was using non-registered employees, (3) was overcharging for its services, and (4) was understaffing in violation of a contract. *Id.* The defendants then allegedly advised ESI Security's customers to seek a different company for security services. *Id.*

The Board then conducted a hearing on both the notice of violations and the allegedly late payments. *Id.* It eventually found ESI Security guilty of the new violations but declined to revoke ESI Security's license. *Id.* The Board also found that ESI Security did not make untimely

payments. *Id.* The Board ultimately ordered ESI Security to pay a fine and reasonable attorney fees. *Id.* ESI Security has appealed the decision. *Id.*

## II. LEGAL STANDARD

Despite the matter initially being filed in state court, Federal Rule of Civil Procedure 12(b)(6) governs this matter. *See Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1021 (9th Cir. 2013) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)).

A party may seek the dismissal of a complaint under Rule 12(b)(6) for failure to state a legally cognizable cause of action. *See* Fed. R. Civ. P. 12(b)(6) (stating that a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) does not require detailed factual allegations; however, a pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678-679 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citations omitted).

///

1 | Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, bare assertions in a complaint amounting "to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 698) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

## III. DISCUSSION

The defendants first argue the complaint must be dimissed because it fails to distinguish between the individual defendants and the individual plaintiffs in regards to the multiple claims and alleged damages. ECF No. 4 at 4. The court agrees and therefore does not address the defendants' remaining arguments for dismissal.

The complaint inadequately notices the defendants of which legal claims are asserted against them by failing to distinguish between the multiple defendants and the multiple plaintiffs in the factual allegations. "Courts consistently conclude that undifferentiated pleading against multiple defendants is improper." *Dunson v. Cordis Corp.*, No. 16-cv-03076-SI, 2016 WL 3913666, at *3 (N.D. Cal. July 20, 2016) (internal citations and quotations omitted); *see also Volcano Developers LLC v. Bonneville Mortg.*, No. 2:11-cv-00504-GMN, 2012 WL 28838, at *5 (D. Nev. Jan. 4, 2012). In the complaint, the plaintiffs consistently attribute the factual allegations to "defendants" or "individual defendants." *See* ECF No. 1, Ex. 2. The plaintiffs also allege damages to the "plaintiffs" in general rather than distinguishing how Hendi, an individual, was harmed versus how ESI Security, a business, was harmed. *Id.* Further, the plaintiffs also fail to indicate against whom each cause of action is asserted. *Id.* The court therefore dismisses the complaint for failing to adequately inform each defendant of the claims against them due to the undifferentiated nature of the allegations in the complaint. *See McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996) (affirming the dismissal of an undifferentiated complaint for its failure to

"'provide defendants with a fair opportunity to frame a responsive pleading.'" (quoting the district court's order of dismissal).

## IV. CONCLUSION

IT IS THEREFORE ORDERED that the State of Nevada on relation of the Private Investigators Licensing Board, Kevin Ingram, Lori Irizarry, and Jason Woodruff's motion to dismiss (ECF No. 4) is **GRANTED.** The court dismisses the complaint without prejudice.

IT IS FURTHER ORDERED that Mahmoud Hendi and ESI Security, Inc. may have thirty days from the entry of this order to file an amended complaint.

IT IS SO ORDERED.

DATED this 7th day of December, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE