UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MAHMOUD HENDI and ESI SECURITY SERVICES, INC., | Case No. 3:17-cv-00633-LRH-VPC |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| STATE OF NEVADA PRIVATE INVESTIGATORS LICENSING BOARD, KEVIN INGRAM, LORI IRIZARRY, and JASON WOODRUFF, | |
| Defendants. | |

Defendants State of Nevada Private Investigators Licensing Board ("Board"), Kevin Ingram, Lori Irizarry, and Jason Woodruff move to dismiss plaintiffs Mahmoud Hendi and ESI Security, Inc.'s first amended complaint. ECF No. 20. Plaintiffs opposed the motion, and defendants replied. ECF Nos. 23. 24. The court now grants the motion in part, dismissing the claim arising under federal law and remanding the claims arising under state law to state court.

**I.  BACKGROUND**

Hendi owns and serves as the president of ESI. ECF No. 19, ¶ 1. ESI provides private security services to businesses, individuals, and special events. *Id.*, ¶ 2. It has been in operation for twenty-three years. *Id.*, ¶ 11. Because ESI provides private security services, the Board regulates its operations. *Id.,* ¶ 3. Ingram serves as the Board's executive director, and Irrizary serves as the deputy executive director. *Id.*, ¶¶ 4–5. Woodruff previously worked for the Board as an investigator. *Id.*, ¶ 6.

1

Since ESI first obtained a license from the Board in 1994, the Board has never imposed any major infractions against ESI. *Id.*, ¶ 11. But in March 2016, ESI entered into a settlement agreement to resolve several notices of violations. *Id.*, ¶ 13. ESI did not admit liability. *Id.* But it agreed to pay certain fines and attorney fees according to a schedule. *Id.* It also agreed to a probationary period, during which time it would surrender its license to the Board if it were found guilty on any new notices of violations by way of a hearing in front of the Board. *Id.*

A few months later, the Board issued a new notice of violations against ESI and imposed a small fine. *Id.*, ¶ 14. The Board issued the notice for ESI's failure to register its sister company's employees with the Board. *Id.* ESI appealed the notice and requested a hearing. *Id.*

But before the hearing could occur, ESI was served with a complaint for failing to pay the Board per the schedule in the settlement agreement. *Id.*, ¶ 16. The complaint recommended the revocation of ESI's license based on its failure to make timely payments and on the new notice of violations. *Id.*

A month later, the Board began the hearing on the notice of violations and late payments. *Id.*, ¶ 17. The hearing was conducted on multiple days that spanned six months. *Id.* The Board first determined that ESI was guilty of not registering its sister company's employees with the Board. *Id.* A small fine was imposed and attorney fees were awarded. *Id.* The Board then considered the late-payment issue, ultimately finding that ESI was not late in making the payments. *Id.*, ¶ 18. The Board therefore concluded that the new notice of violations could not alone warrant the revocation of ESI's license. *Id.* Instead, a fine was imposed and attorney fees were awarded again. *Id.* ESI has petitioned for judicial review of both outcomes. *Id.*, ¶¶ 17–18.

ESI alleges that defendants approached ESI's customers during the pending administrative action and stated the following: (1) ESI was going to lose its license; (2) ESI was using unregistered employees; (3) ESI was overcharging for its services; (4) ESI was understaffing events in violation of contracts with customers; and (5) that defendants advised ESI's customers to seek a different company for security services. *Id.,* ¶ 20.

ESI further alleges that defendants approached its customers on at least three occasions. *Id.* First, defendants told representatives of a special event that ESI was using unregistered

employees. *Id.* Second, Woodruff caused ESI to breach a contract with a casino by wrongfully ordering certain employees off the premises, which then caused a breach in the underlying contract. *Id.* And third, Woodruff advised another company to replace ESI with a different private security company. *Id.*

Hendi also alleges that defendants singled out his company based on his Arab descent and on his religion. *Id.*, ¶ 27.

Plaintiffs now sue defendants, alleging (1) intentional interference with contractual relations against the Board; (2) interference with prospective business advantage against the Board; (3) civil right violations under 42 U.S.C. § 1983 against all defendants; and (4) defamation per se against the Board. ECF Nos. 1, 19. After the action was removed from state court based on claim three, the initial complaint was dismissed for failure to meaningfully distinguish between the multiple defendants and multiple plaintiffs in regards to the alleged actions and the alleged damages. ECF Nos. 1, 17. Plaintiffs filed the first amended complaint, re-alleging the four claims. ECF No. 19. Defendants now move to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(6).

## II.    LEGAL STANDARD

A party may seek the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a legally cognizable cause of action. *See* Fed. R. Civ. P. 12(b)(6) (stating that a party may file a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"). To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the notice pleading standard of Federal Rule 8(a)(2). *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) does not require detailed factual allegations; however, a pleading that offers only "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient and fails to meet this broad pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

///

To sufficiently allege a claim under Rule 8(a)(2), viewed within the context of a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the alleged misconduct. *See id.* at 678-679 (stating that "[t]he plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks and citations omitted).

Further, in reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, bare assertions in a complaint amounting "to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 698) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

### III. DISCUSSION

The court first considers Hendi's claim that defendants violated his civil rights under 42 U.S.C. § 1983. The court then addresses Hendi's state-law claims.

**A. Civil Rights Violation under 42 U.S.C. § 1983**

The court first turns to Hendi's third claim, in which he alleges defendants violated 42 U.S.C. § 1983 by violating Hendi's rights under the Fourteenth Amendment. To bring a § 1983 claim, a plaintiff must allege (1) defendants acted under color of law, and (2) defendants' conduct deprived the plaintiff of a constitutional right. *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011) (internal citations omitted). Hendi adequately alleged that defendants acted under the

color of state law, because defendants include a state regulatory board and its board members. Therefore, the survival of this claim depends on whether Hendi adequately alleged the deprivation of a constitutional right.

In his complaint, Hendi alleges that defendants targeted Hendi's company based on Hendi's Arab descent and his Muslim religion. ECF No. 19, ¶ 27. As a threshold matter, the court determines that Hendi brings the claim under the Equal Protection Clause of the Fourteenth Amendment despite using the phrase "privileges or immunities" in his allegations. *Id.* (alleging defendants' actions were motivated by Hendi's race and religion); *see also* ECF No. 23 at 5 (stating the claim "is an action for racial discrimination under … the Equal Protection Clause). Defendants argue that Hendi failed to allege purposeful discrimination. ECF No. 24 at 7.

To bring a typical equal protection claim under § 1893, a plaintiff must show the defendant "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Hendi does not sufficiently allege an equal protection claim because he fails to allege any facts to show purposeful discrimination. While he states that defendants acted based on his race and religion, he offers no more than the conclusory allegation.

Hendi also fails to allege a class-of-one equal protection claim. To bring a class-of-one equal protection claim, a plaintiff must show the defendant intentionally treated the plaintiff differently than others similarly situated without a rational basis. *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011). Hendi makes no allegations about differential treatment to other similarly-situated businesses or business owners. Hendi's § 1983 claim must fail as a result of these deficiencies.

**B. State-Law Claims**

Hendi also brings three state-law claims. Because the court has found that Hendi failed to sufficiently allege his federal-law claim, the court declines to exercise supplemental jurisdiction over the state-law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988) (holding a federal district court may remand a removed action to a state court when federal-law claims have

been "eliminated at an early stage of the litigation"). The court therefore remands the remaining claims to state court.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that defendants State of Nevada Private Investigators Licensing Board, Kevin Ingram, Lori Irizarry, and Jason Woodruff's motion to dismiss (ECF No. 20) is **GRANTED in part.** The court dismisses claim three: civil rights violation under 42 U.S.C. § 1983.

IT IS FURTHER ORDERED that the Clerk of Court shall remand the remaining claims to the Second Judicial District Court of the State of Nevada.

IT IS SO ORDERED.

DATED this 15th day of March, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE